UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin LOPEZ–SANCHEZ,
Defendant–Appellant.

No. 04–41375.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 8, 2006.

James Lee Turner, Renata Ann Gowie, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM: *

Martin Lopez–Sanchez (Lopez) appeals his conviction and sentence for illegal reentry following deportation. Lopez argues

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court committed reversible error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. The Government concedes that Lopez has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. *See United States v. Walters*, 418 F.3d 461, 463–64 (5th Cir.2005). Accordingly, Lopez's sentence is vacated, and this case is remanded for resentencing.

He also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Lopez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Lopez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Lopez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.